PER CURIAM.
The Florida Judicial Qualifications Commission has filed with the Court a copy of its rules of procedure as amended on January 20, 1977. Pursuant to Article V, Section 12(d) of the Florida Constitution, this Court may repeal these rules, or any part thereof, so long as five justices concur in that action. We have reviewed the rules in their entirety and now repeal the following provisions of the Commission’s rules.
1. Rule 6(b) is repealed in its entirety. While it is appropriate to have some rule governing appearances before the Commission during the investigatory stages of a proceeding, and although a right of early appearance or comment (as opposed to an opportunity if the Commission so chooses) would seem more suited to the Commission’s fact-gathering responsibilities, we repeal this part of Rule 6 because it allows the judicial official’s appearance or comment to be presented not to the Commission but to “at least three members thereof.” A determination that there exists probable cause to warrant formal proceedings against a member of the judiciary is one of the most serious and solemn responsibilities of the Commission. At least a quorum of the Commission’s members should be present when a justice or judge seeks to avoid a finding of probable cause, and its attendant conversion of the proceeding from a private to a public one, by attempting to explain, refute or admit the alleged misconduct or disability.
2. Rule 11(b) is repealed in its entirety for the reason expressed in paragraph 1.
3. Rule 17 is repealed in its entirety. We appreciate the need for a rule as to pleading amendments during the course of a Commission proceeding, but the second sentence of the rule confers more authority than is required. That sentence reads:
“The Notice may be amended to conform to proof or to set forth additional facts, whether occurring before or after the commencement of the hearing.”
Given the investigative resources of the Commission, there is little necessity and great potential harm in a rule which allows the Commission to set forth additional facts by amendment to the formal charges after the Commission has conducted its hearing and the charges have been filed with this Court, made public, and relied upon by the justice or judge to prepare his or her defense.
4. Rules 23(b) and (c) are repealed in their entirety. These provisions directly conflict with this Court’s decision in Inquiry-Concerning a Judge, No. 75-10, Case No. *71 49,062, opinion filed, June 30, 1976 (Fla.). Article V, Section 12(f) of the Constitution assigns to this Court both the responsibility and discretion to order appropriate discipline, removal or retirement, and neither can be abrogated by a Commission rule which creates a conclusive presumption simply from a procedural default by the judge or justice being charged.
5. Rule 23(d) is repealed in its entirety. Although this part of the rule merely reiterates the language of Article V, Section 12(h) of the Florida Constitution as recently amended, which is controlling, it is inappropriate in the Commission’s rules. Article V, Section 12(d) authorizes the Commission to adopt rules “regulating its proceedings, the filling of vacancies by the appointing authorities, the disqualification of members, and the temporary replacement of disqualified or incapacitated members.” This authority does not extend the Commission’s rulemaking power to the composition of the Supreme Court on review of a Commission recommendation concerning a justice of that court.
6. Rule 25(a) is repealed in its entirety. A rule governing the confidentiality of Commission documents and proceedings is appropriate, but this part of the rule contains the following phrases:
“a record recommending discipline, retirement, or removal is filed by the Commission in the Supreme Court, at which time the record shall be made public,, excepting a record filed by the Commission in the Supreme Court, recommending private reprimand, shall remain confidential; provided, however, upon”
“such charges and all further proceedings before the Commission shall be public”.
These provisions are inconsistent with Article V, Section 12(d) of the Florida Constitution, which has the effect of eliminating a Commission recommendation or a Court imposition of a “private” reprimand for judicial misconduct.
7. Rule 28 is repealed in its entirety. While the Commission may have inherent power to find a person in contempt of the Commission, it has no constitutional authority to enforce such a finding or to order an arrest. Contrast, for example, the express authorization for punishment of legislative contempt “by judicial proceedings as prescribed by law”, which appears in Article III, Section 5 of the Constitution. Cf. Article I, Section 18 of the Constitution. Nothing in our repeal of this rule shall be construed to mean that the Commission may not promulgate contempt rules reasonably necessary for the conduct of its proceedings, so long as the enforcement of contempt is reserved to the judiciary.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
RULES OF THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION
Pursuant to the provisions of Article V, Section 12, of the Florida Constitution, as amended 1976, the following Rules are hereby adopted by the Judicial Qualifications Commission.
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION RULES
RULE 1. SCOPE AND TITLE.
These rules apply to all proceedings before the Judicial Qualifications Commission involving the discipline, retirement or removal of justices of the Supreme Court, and judges of the District Courts of Appeal, Circuit Courts and County Courts pursuant to Article V, Section 12, of the Constitution of the State of Florida, as amended. These rules shall be known as Florida Judicial Qualifications Commission Rules and may be abbreviated as “FJQCR”.
RULE 2. DEFINITIONS.
In these rules, unless the context or subject matter otherwise requires:
(a) “Commission” means the Judicial Qualifications Commission.
(b) “Judge” means a justice of the Supreme Court and a judge of a Dis *72 trict Court of Appeal, Circuit Court and County Court.
(c) “Chairman” includes the acting chairman.
(d) “Counsel” means the lawyer designated by the Commission to gather and present evidence before the Commission with respect to the charges against a judge and to represent the Commission in all proceedings.
(e) “Shall” is mandatory and “may” is permissive.
(f) “Mail” and “mailed” include ordinary mail and personal delivery.
(g) The masculine gender includes the feminine gender.
RULE 3. MEMBERSHIP AND JURISDICTION.
(a) The membership of the Commission shall be as prescribed in Article V, Section 12, of the Constitution of the State of Florida and for such term as prescribed by general law. When a judge ceases to be a judge of the court from which he was appointed or whenever any member becomes otherwise ineligible to hold office, his membership on the Commission shall terminate. The Chairman shall promptly notify the appointing authority of the vacancy. In the event of a vacancy the Commission shall appoint a temporary replacement from the same category until such time as the appointing authority shall duly certify to the Commission a replacement for the remainder of the term.
(b) The Commission shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or hearing, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses, to order the production of books, records or other documentary evidence, and the power of contempt. Any member of the Commission shall have the power to administer oaths and affirmations to witnesses in any matter within the jurisdiction of the Commission.
RULE 4. OFFICERS OF COMMISSION.
The Commission shall elect a Chairman and a Vice-Chairman each of whom shall serve for a term of two years. The Vice-Chairman shall act as the chairman of the Commission in the absence of the Chairman. The Commission may select an executive secretary and a General Counsel.
RULE 5. QUORUM OF COMMISSION.
A quorum for the transaction of business by the Commission shall be seven members of the Commission except as otherwise provided in these rules.
RULE 6. COMPLAINT AND INVESTIGATION.
(a) The Commission, upon receiving a statement under oath, not obviously unfounded or frivolous, alleging facts indicating that a judge is guilty of willful or persistent failure to perform his duties, or conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or that he has a disability seriously interfering with the performance of his duties, which is, or is likely to become, permanent in nature, shall make such an investigation by one or more members to determine whether formal proceedings should be instituted and a hearing held. The Commission may make such investigation on its own motion.
(b) The judge has no right to be present or to be heard during an investigation, but before the Commission determines that there is sufficient cause to warrant formal proceedings, the judge may be notified of the investigation, the general nature of the subject matter of the investigation, and may be afforded reasonable opportunity to make a statement before the full Commission, or at least three members thereof, personally or by his attorney(s), verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability. The judge shall not have the right to present other testimony or evidence, and he shall not have the right of confrontation or cross-examination of the person making the verified statement or *73 any person interviewed, called or interrogated by the Commission. Such notification shall be given by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(c) The Commission shall have the right to require a judge to meet with it on an informal basis in reference to matters that relate to the discharge of his judicial duties.
(d) When a judge has received a notice of investigation, notice to appear before the Commission, or requested such notification, if the investigation does not disclose sufficient cause to warrant further proceedings, the judge shall be so notified.
(e) The Commission shall have access to all information from all executive, legislative and judicial agencies, including grand juries, subject to the rules of the Commission. At any time, on request of the Speaker of the House of Representatives or the Governor, the Commission shall make available all information in the possession of the Commission for use in consideration of impeachment or suspension, respectively.
RULE 7. FORMAL PROCEEDINGS.
(a) After the investigation has been completed, if the Commission concludes that formal proceedings shall be instituted it shall designate one or more counsel who shall be members of the Florida Bar and who shall prepare appropriate papers and pleadings, gather and present evidence before the Commission with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge, including the representation of the Commission in connection with any Commission or judicial proceedings. It shall direct counsel designated by the Commission to cause to be served on the judge a copy of notice of formal proceedings. Such proceedings shall be entitled:
“BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION”
“Inquiry Concerning a Judge, No. -”
(b) The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and allege facts upon which such charges are based, and shall advise the judge of his right to file a written answer to the charges against him within 20 days after service of the notice upon him.
(c) If it appears to the Chairman of the Commission upon affidavit that, after reasonable effort for a period of 10 days, personal delivery could not be made, service may be made upon the judge by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(d) After formal proceedings have been instituted, if the judge is represented by an attorney(s), any notice or the furnishing of any matter may be perfected on such attorney(s). If no attorney(s), then any notice or other matter shall be mailed to the judge at his residence.
RULE 8. SUSPENSION OF JUDGE.
Upon or after the filing of formal proceedings finding the existence of probable cause, the Commission may in its discretion request the Supreme Court to suspend the judge from performing the duties of his office pending the final determination of the inquiry. Such request shall be concurred in by not less than seven (7) members of the Commission and shall designate whether the suspension shall be with or without compensation. Upon the filing by the Commission with the Clerk of the Supreme Court of such formal charges against a justice or judge such charges and all further proceedings before the Commission shall be public.
RULE 9. ANSWER AND MOTIONS.
(a) Within 20 days after service of the Notice of Formal Proceedings, the judge may file with the Commission a signed original and one copy of an Answer, and shall serve a copy on the counsel by mail. If the judge desires that all hearings be held in the county of his residence and/or if he desires that all pleadings in such proceed *74 ings and all hearings before the Commission be open to the public he shall so demand in writing at the time of filing his initial Answer.
(b) There shall be a motion Committee with the power to dispose of all pre-trial motions. Such Committee shall be composed of the Chairman and two judges appointed by the Chairman. The Committee’s disposition shall be subject to review at the Commission’s next ensuing meeting.
RULE 10. FILING.
Unless otherwise provided herein, all pleadings shall be filed in duplicate with the Judicial Qualifications Commission office in Tallahassee, Florida, and a copy served on the counsel.
RULE 11. SETTING FOR HEARING.
(a) After the filing of an answer or the expiration of the time for its filing, the Commission shall order a hearing to be held before it concerning the discipline, retirement or removal of the judge. If the judge in his initial answer requests that the hearing be held in the county of his residence, the hearings shall be in such county unless the Commission by vote of nine members determines otherwise. The Commission shall set a time and a place for a hearing and shall give notice of such hearing by mail to the judge and to the attorney(s) at least 20 days prior to the date set.
(b) Not less than three members shall be present when the evidence is produced.
RULE 12. PROCEDURE.
(a) In all formal proceedings, the Florida Rules of Civil Procedure shall be applicable except as otherwise provided.
(b) Counsel shall, upon written demand of a party or counsel of record, promptly furnish the following:
The names and addresses of all witnesses whose testimony the counsel expects to offer at the hearing, together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the counsel or the Commission which are relevant to the subject matter of the hearing and which have not previously been furnished. When good cause is shown this rule may be waived.
RULE 13. HEARING.
At the time and place set for hearing, the Commission may proceed with the hearing whether or not the judge has filed an answer or appears at the hearing.
RULE 14. DISABILITY.
The Commission upon receiving a statement or upon its own investigation shall advise the judge of those facts constituting a possible physical or mental disability which might impair the performance of his judicial duties and thereby may order the judge to submit to a physical and/or mental exam. Upon the failure of the judge to submit to such examination within the time ordered, the Commission may recommend to the Supreme Court that the judge be suspended without pay until such time as the judge complies with the Commission’s order.
RULE 15. EVIDENCE.
At a hearing before the Commission, legal evidence only shall be received and oral evidence shall be taken only on oath or affirmation.
RULE 16. PROCEDURAL RIGHTS OF JUDGE.
(a) In formal proceedings involving his discipline, retirement, or removal, a judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by attorney(s), and to examine and cross-examine witnesses. He shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evidentiary matter.
(b) When a transcript of the trial testimony has been prepared at the expense of the Commission, a copy thereof shall be furnished without cost to the judge. The judge shall have the right, without any *75 order or approval, to have all or any portion of the testimony in the proceedings transcribed at his expense.
(e) If the judge is adjudged insane or incompetent, the Commission shall appoint an attorney ad litem unless the judge has a guardian who will represent him. The guardian or attorney ad litem may claim and exercise any right and privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if competent, and whenever these rules provide for serving or giving notice or sending any matter to the judge, a copy of such notice or matter also shall be served, given, or sent to the guardian or attorney ad litem.
RULE 17. AMENDMENTS TO NOTICE OR ANSWER.
The Commission, at any time prior to its determination, may in the interest of justice allow or require amendments to the Notice of Formal Proceedings and may allow amendments to the answer. The Notice may be amended to conform to proof or to set forth additional facts, whether occurring before or after the commencement of the hearing. In case such an amendment is made, the judge shall be given reasonable time both to answer the amendment and to prepare and present his defense against the matters charged thereby.
RULE 18. EXTENSION OF TIME.
The Chairman of the Commission may extend the time for filing an answer; for the commencement of a hearing before the Commission.
RULE 19. HEARING ADDITIONAL EVIDENCE.
The Commission may order a hearing for the taking of additional evidence at any time while the matter is pending before it. The order shall set the time and the place of the hearing and shall indicate matters on which the evidence is to be taken. A copy of such order shall be sent by mail at least 10 days prior to the date of hearing.
RULE 20. COMMISSION VOTE.
The vote of the Commission shall proceed as follows: The first function of the Commission shall be to vote to determine the judge’s guilt or innocence. The Commission shall, if it determines that a judge is guilty, then vote as to his discipline commencing with removal, then public reprimand, and last private reprimand. The failure of any discipline proposition to gain 9 votes shall constitute a dismissal of that question. Ma-lafides, scienter or moral turpitude on the part of a justice or a judge shall not be required for removal from office of a justice or judge whose conduct demonstrates a present unfitness to hold office.
RULE 21. RECORD OF COMMISSION PROCEEDINGS.
The Commission shall keep a record of all formal proceedings concerning a judge. The Commission’s determination shall be entered in the record and notice thereof shall be mailed to the judge and to the attorney(s). In all formal proceedings resulting in a recommendation to the Supreme Court for discipline, retirement, or removal, the Commission shall prepare a transcript of the evidence and of all proceedings therein and shall make written findings of fact and conclusions of law with respect to the issues of fact and law in the proceedings.
RULE 22. CERTIFICATION OF COMMISSION RECOMMENDATION TO SUPREME COURT.
Upon making a determination recommending the discipline, retirement, or removal of a judge, the Commission shall promptly file a copy of the recommendation certified by the Chairman or Secretary of the Commission, together with the transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall promptly mail to the judge and to the attorney(s) notice of such filing, together with a copy of such recommendation, findings, and conclusions.
*76 RULE 23. REVIEW OF COMMISSION PROCEEDINGS.
(a) A petition to the Supreme Court to modify or reject the recommendation of the Commission for discipline, retirement, or removal of a judge may be filed by the judge within 30 days after the filing with the Clerk of the Supreme Court of the certified copy of the Commission’s recommendation. The petition shall be based on the record, shall specify the grounds relied on, and shall be accompanied by petitioner’s brief together with proof of service on the Commission of two copies, and on the counsel of one copy, of the petition and the brief. Within 20 days after service of petitioner’s brief, the Commission shall file a respondent’s brief and serve a copy thereof on the judge. Within 20 days after service of respondent’s brief the petitioner may file a reply brief, two copies of which shall be served on the Commission and one copy shall be served on the counsel.
(b) Failure to file a petition within the time provided shall be deemed a consent to the determination on the merits based upon the record filed by the Commission, and a consent to and acceptance of the recommendation of the Commission for discipline, retirement or removal.
(c) If no petition is filed pursuant to this Section the discipline, retirement, or removal recommended by the Commission shall automatically become effective at the expiration of 30 days from the filing of the report and recommendation with the. Clerk of Supreme Court.
(d) If the person who is the subject of the proceedings by the Commission is a justice of the Supreme Court of Florida all justices of such Court automatically shall be disqualified to sit as justices of such Court with respect to all proceedings therein concerning such person and the Supreme Court for such purposes shall be composed of a panel consisting of the seven chief judges of the judicial circuits of Florida most senior in tenure of judicial office as circuit judge. For purposes of determining seniority of such circuit judges in the event there be judges of equal tenure in judicial office as circuit judge, the judge or judges from the lowered numbered circuit or circuits shall be deemed senior. In the event any such chief circuit judge is under investigation by the Judicial Qualifications Commission or is otherwise disqualified or unable to serve on the panel, the next most senior chief circuit judge or judges shall serve in place of such disqualified or disabled chief circuit judge.
(e)The extent necessary to implement this Rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to reviews by the Supreme Court of Commission proceedings.
RULE 24. SUBPOENAS.
Subpoenas for the attendance of witnesses and the production of documentary evidence in any proceedings shall be issued as follows:
(a) Judicial Qualifications Commission. Subpoenas for the attendance of witnesses and the production of documentary evidence before the Commission, or for discovery in a proceeding, shall be issued by the Chairman, Vice-Chairman or the Commission’s General Counsel, and be served in the manner provided by law for the service of witness subpoenas in a civil action.
(b) Confidential Proceedings. A subpoena shall not name the judge against whom charges are pending, but shall style the proceedings as set out in Rule 7(a).
(c) Contempt. Any person who, without adequate excuse, fails to obey such a subpoena served upon him may be cited for contempt of the Commission in the manner provided in these rules.
RULE 25. CONFIDENTIALITY OF PROCEEDINGS.
(a) Subject to the provisions of Rules 7, 8, and 9, all papers and pleadings filed with and the proceedings before the Commission shall be confidential until a record recommending discipline, retirement, or removal is filed by the Commission in the Supreme Court, at which time the record shall be made public, excepting a record filed by the Commission in the Supreme Court, recom *77 mending private reprimand, shall remain confidential; provided, however, upon a finding of probable cause and the filing by the Commission with the Clerk of the Supreme Court of such formal charges against a justice or judge, such charges and all further proceedings before the Commission shall be public.
(b) All notices, papers, and pleadings mailed to a judge pursuant to these rules shall be enclosed in a cover marked “confidential”.
(e) Every witness in every proceeding under these rules shall be sworn to tell the truth and not to disclose the existence of the proceeding, subject matter or the identity of the judge until the proceeding is no longer confidential under these rules. Violation of this oath shall be an act of contempt of the Commission.
(d) Violation of these rules by a member of the Commission shall subject him after written notice and hearing to removal from office by a majority vote of the Commission, and shall constitute contempt of the Commission which may be enforced by appropriate proceedings in the Supreme Court of Florida.
RULE 26. INTERESTED PARTY.
A judge who is a member of the Commission or of the Supreme Court shall be disqualified from participation in such capacity in any proceedings involving his own discipline, retirement, or removal.
RULE 27. DISQUALIFICATION OF MEMBERS OF COMMISSION.
(a) Whenever any judge against whom formal proceedings have been instituted, as provided in these Rules, shall make and file with the Commission an affidavit that he fears that he will not receive a fair hearing before the Judicial Qualifications Commission on the charges because of the prejudice of one or more members of the Commission against him, and the facts stated as the basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not of kin to the judge or his attorney, or if any member of the Commission shall voluntarily recuse himself, such member or members of the Commission shall proceed no further therein and shall be disqualified from hearing said charges. Every such affidavit of a judge shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the members of the Commission allegedly prejudiced, and shall be filed not more than 15 days after service of the notice of formal proceedings upon the judge charged. The Commission shall make ad hoc appointments of a person or persons to take the place of the member or members of the Commission so disqualified, but each member so disqualified may participate in the action of the Commission in making such ad hoc appointments. Each ad hoc appointee shall be from the same category as the disqualified members as set forth in Section 12(a) of Article V of the Constitution of the State of Florida. The judge may, within 15 days after receiving notice of any ad hoc appointment, file a like affidavit as to said appointee which shall be supported in substance by affidavit of two citizens as set forth above, in which event said ad hoc appointee shall not be disqualified on account of alleged prejudice against said judge unless said appointee admits that it is then a fact that he is prejudiced against said judge, or unless a majority of the Commission, which may include any ad hoc appointee, holds that said appointee is prejudiced against the judge; in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.
(b) A judge moved against by the Commission may, by affidavit, suggest the disqualification of a member or members of the Commission unsupported by two citizens, but in such event the determination of the matter of disqualification shall be by majority vote of the Commission unless the person sought to be disqualified voluntarily disqualified himself.
RULE 28. CONTEMPT.
If the Commission shall find that a person is in contempt under these rules, such *78 persons shall be cited for contempt in the following manner:
(a) A contempt may be punished summarily by the Commission if the conduct constituting the contempt was committed in the actual presence of the Commission or a panel of the Commission as provided in Rule 11. In all other cases, the Chairman of the Commission upon an affirmative vote of a majority of those present shall issue a rule to show cause why the person so accused shall not be held in contempt of the Commission. The order shall specify the time and place of the hearing before the Commission, with reasonable time allowed for filing answer and preparation of the defense. The Chairman of the Commission may upon affirmative vote of a majority of those present issue an order of arrest.
(b) Confidentiality. Confidentiality shall be preserved in the contempt proceeding only as to the name of the judge and the subject matter under investigation. All pleadings shall be styled as set out in Rule 7(a).
(c) Appellate Review. A judgment in such contempt proceedings may be appealed by such party. The petition for review shall be filed with the Supreme Court within 30 days after entry of judgment to be reviewed. The record shall consist of all pleadings, papers, sentences and orders in the contempt proceedings and all of same shall be forwarded to the Supreme Court by the Commission within 15 days after the filing with the Commission of two copies of the petition for review. The petition for review shall be accompanied by petitioner’s brief, together with proof of service of two copies of such brief on the Commission. Within 20 days after service of petitioner’s brief, the Commission may file a respondent’s brief and serve a copy thereof on the petitioner. To the extent necessary to implement this Rule and if not inconsistent herewith, the Florida Appellate Rules shall be applicable to review by the Supreme Court of contempt proceedings.
RULE 29. EXCLUSION.
Nothing in these rules nor in the procedure herein established shall be construed to authorize any encroachment upon or impairment of any rights of a judge or widow of a judge, now or hereafter existing under any constitutional or statutory retirement program.
The foregoing rules were adopted by the Florida Judicial Qualifications Commission at a duly authorized meeting held on the 20th day of January, 1977, in Tampa, Florida.
(si Woodrow M. Melvin Woodrow M. Melvin Chairman

CERTIFICATE OF SERVICE

I, Woodrow M. Melvin as Chairman of the Florida Judicial Qualifications Commission, hereby certify that a true and correct copy of the foregoing Rules has this day been served by mail on Chief Justice Ben F. Overton, Supreme Court of Florida, Supreme Court Building, Tallahassee, Florida; Honorable Lew Brantley, President of the Florida Senate, Executive Suite, The Capitol, Tallahassee, Florida; and, Honorable Donald L. Tucker, Speaker of the House of Representatives, Executive Suit, The Capitol, Tallahassee, Florida, as required by Article V, Section 12(d), Florida Constitution.
Dated this 24 day of February, 1977.
(s) Woodrow M. Melvin Woodrow M. Melvin Chairman