PER CURIAM.
The Florida Judicial Qualifications Commission has filed with the Court a copy of its amended rules of procedure, as adopted by the Commission on May 26, 1978. Pursuant to Article V, Section 12(d) of the Florida Constitution, this Court may repeal these rules, or any part thereof, so long as five Justices concur in that action.
We have thoroughly reviewed the rules and now repeal Rules 22(a) and (b) in their entirety. These provisions directly conflict with Rule 9.520(b) of the Florida Rules of Appellate Procedure, as promulgated by this Court effective March 1, 1978,* which prescribes the procedure to be followed in this Court upon the filing of a recommendation by the Commission. While the Commission is vested with the authority to “adopt rules regulating its proceedings” under Article V, Section 12(d) of the Constitution, it is clear that these provisions, by purporting to establish procedures governing our review of Commission proceedings, exceed that lawful authority and intrude upon this Court’s exclusive power to “adopt rules for the practice and procedure in all courts” pursuant to Article V, Section 2(a).
It is so ordered.
*472 ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
RULES OF THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION
Pursuant to the provisions of Article V, Section 12, of the Florida Constitution, as amended 1976, the following Rules are hereby adopted by the Judicial Qualifications Commission.
FLORIDA JUDICIAL QUALIFICATIONS COMMISSION RULES
RULE 1. SCOPE AND TITLE
These rules apply to all proceedings before the Judicial Qualifications Commission involving the discipline, retirement or removal of justices of the Supreme Court, and judges of the District Courts of Appeal, Circuit Courts and County Courts pursuant to Article V, Section 12, of the Constitution of the State of Florida, as amended. These rules shall be known as Florida Judicial Qualifications Commission Rules and may be abbreviated as “FJQCR”.
RULE 2. DEFINITIONS
In these rules, unless the context or subject matter otherwise requires:
(a) “Commission” means the Judicial Qualifications Commission.
(b) “Judge” means a justice of the Supreme Court and a judge of a District Court of Appeal, Circuit Court and County Court.
(c) “Chairman” includes the acting chairman.
(d) “Counsel” means the lawyer designated by the Commission to gather and present evidence before the Commission with respect to the charges against a judge and to represent the Commission in all proceedings.
(e) “Shall” is mandatory and “may” is permissive.
(f) “Mail” and “mailed” include ordinary mail and personal delivery.
(g) The masculine gender includes the feminine gender.
RULE 3. MEMBERSHIP AND JURISDICTION
(a) The membership of the Commission shall be as prescribed in Article V, Section 12, of the Constitution of the State of Florida and for such term as prescribed by general law. When a judge ceases to be a judge of the court from which he was appointed or whenever any member becomes otherwise ineligible to hold office, his membership on the Commission shall terminate. The Chairman shall promptly notify the appointing authority of the vacancy. In the event of a vacancy the Commission shall appoint a temporary replacement from the same category until such time as the appointing authority shall duly certify to the Commission a replacement for the remainder of the term.
(b) The Commission shall have such jurisdiction and powers as are necessary to conduct the proper and speedy disposition of any investigation or hearing, including the power to compel the attendance of witnesses, to take or cause to be taken the deposition of witnesses, to order the production of books, records or other documentary evidence, and the power of contempt. Any member of the Commission shall have the power to issue subpoenas, administer oaths and affirmations to witnesses in any matter within the jurisdiction of the Commission.
RULE 4. OFFICERS OF COMMISSION
The Commission shall elect a Chairman and a Vice-Chairman, each of whom shall serve for a term of two years. The Vice-Chairman shall act as the chairman of the Commission in the absence of the Chairman. The Commission may select an executive secretary and a General Counsel.
RULE 5. QUORUM OF COMMISSION
A quorum for the transaction of business by the Commission shall be seven members of the Commission except as otherwise provided in these rules.
RULE 6. COMPLAINT AND INVESTIGATION
(a) The Commission, upon receiving factual information, not obviously unfounded *473 or frivolous, or an individual Complaint made under oath, indicating that a judge is guilty of willful or persistent failure to perform his duties, or conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or that he has a disability seriously interfering with the performance of his duties, which is, or is likely to become permanent in nature, may make an investigation to determine whether formal charges should be instituted and a hearing held.
(b) The judge has no right to be present or to be heard during an investigation, but before the Commission determines that there is probable cause to warrant formal proceedings, the judge shall be notified of the investigation, the general nature of the subject matter of the investigation, and shall be afforded reasonable opportunity to make a statement before the Commission, personally or by his attorney(s), verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability. The judge shall not have the right to present other testimony or evidence, and he shall not have the right of confrontation or cross-examination of any person interviewed, called or interrogated by the Commission. Such notification shall be given by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(c) The Commission shall have the right to require a judge to meet with it on an informal basis in reference to matters that relate to the discharge of his judicial duties.
(d) When a judge has received a notice of investigation, notice to appear before the Commission, or requested such notification, if the investigation does not disclose probable cause to warrant further proceedings, the judge shall be so notified.
(e) The Commission shall have access to all information from all executive, legislative and judicial agencies, including grand juries. At any time, on request of the Speaker of the House of Representatives or the Governor, the Commission shall make available all information in the possession of the Commission for use in consideration of impeachment or suspension, respectively.
RULE 7. FORMAL PROCEEDINGS
(a)After the investigation has been completed, if the Commission finds probable cause that the judge is guilty of misconduct and that formal charges shall be filed, it shall designate one or more counsel who shall be members of The Florida Bar and who shall prepare appropriate papers and pleadings, gather and present evidence before the Commission with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge, including the representation of the Commission in connection with any Commission or judicial proceedings. It shall direct counsel designated by the Commission to cause to be served on the judge a copy of Notice of Formal Charges. Such proceedings shall be entitled:
“BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION” “Inquiry Concerning a Judge, No. _"
(b) The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and allege facts upon which such charges are based, and shall advise the judge of his right to file a written answer to the charges against him within 20 days after service of the notice upon him.
(c) If it appears to the Chairman of the Commission upon affidavit that, after reasonable effort for a period of 10 days, personal delivery could not be made, service may be made upon the judge by registered or certified mail addressed to the judge at his chambers and at his last known residence.
(d) After formal charges have been instituted, if the judge is represented by an attorney(s), any notice or the furnishing of any matter may be perfected on such attorney^). If no attorney(s), then any notice or other matter shall be mailed to the judge at his residence.
*474 RULE 8. SUSPENSION OF JUDGE
Upon or after the filing of formal charges, the Commission may, in its discretion, issue its order directed to the judge ordering him to show cause before the Commission why the Commission should not recommend to the Supreme Court that he be suspended from office, either with or without compensation, while the inquiry is pending. The order to show cause shall be returnable before the Commission at a designated place and at a time certain, at which place and time the Commission shall consider the question of suspension. The Commission, not less than seven members concurring, either after issuing its order to show cause as above provided or without such order to show cause, may recommend to the Supreme Court that the judge be suspended from performing the duties of his office either with or without compensation pending final determination of the inquiry. If the Commission recommends suspension, such recommendation shall have incorporated therein all proceedings of the Commission in relation to the recommendation.
RULE 9. ANSWER AND MOTIONS
(a) Within 20 days after service of the Notice of Formal Charges, the judge may file a signed Answer. If the judge desires that all hearings be held in the county of his residence he shall so demand in writing at the time of filing his initial Answer.
(b) There shall be a motion Committee with the power to dispose of all pre-trial motions. Such Committee shall be composed of the Chairman and two judges appointed by the Chairman. The Committee’s disposition shall be subject to review at the Commission’s next ensuing meeting.
RULE 10. FILING
(a) Upon a finding of probable cause by the Commission and the filing of the Notice of Formal Charges against a judge with the Clerk of the Supreme Court of Florida, the Notice of Formal Charges and all subsequent proceedings before the Commission shall be public.
(b) The original of all pleadings subsequent to the Notice of Formal Charges shall be filed with the Clerk of the Supreme Court of Florida, which office is designated by the Commission for receiving, docketing, filing and preserving the records of all proceedings of the Commission that are public and making such records available for public inspection. A duplicate original of all pleadings filed in the proceedings shall be served on the Florida Judicial Qualifications Commission and on all of opposing counsel or on the respondent judge if unrepresented by an attorney.
RULE 11. SETTING FOR HEARING
After the filing of an Answer or the expiration of the time for its filing, the Commission shall order a hearing to be held before it concerning the discipline, retirement or removal of the judge. If the judge in his initial Answer requests that the hearing be held in the county of his residence, the hearings shall be in such county unless the Commission by vote of nine members determines otherwise. The Commission shall set a time and a place for a hearing and shall give notice of such hearings by mail to the judge and to the attorney(s) at least 20 days prior to the date set.
RULE 12. PROCEDURE
(a) In all formal proceedings, the Florida Rules of Civil Procedure shall be applicable except as otherwise provided. All proceedings and hearings, prior to a certification as required by Rule 21, shall be before the Commission, except as otherwise provided herein.
(b) Counsel shall, upon written demand of a party or counsel of record, promptly furnish the following:
The names and addresses of all witnesses whose testimony the counsel expects to offer at the hearing, together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the counsel or the Commission which are relevant to the subject matter of the hearing and which have not *475 previously been furnished. When good cause is shown this rule may be waived.
RULE 13. HEARING
At the time and place set for hearing, the Commission may proceed with the hearing whether or not the judge has filed an Answer or appears at the hearing.
RULE 14. DISABILITY
Upon receiving information that a judge is suffering a possible physical or mental disability which might impair the performance of his judicial duties, the Commission, upon the vote of nine members, may order the judge to submit to a physical and/or mental examination. If the judge fails to submit to such examination within the time ordered, the Commission may recommend to the Supreme Court that the judge be suspended without compensation until such time as the judge complies with the Commission’s order.
RULE 15. EVIDENCE
At a hearing before the Commission, legal evidence only shall be received and oral evidence shall be taken only on oath or affirmation.
RULE 16. PROCEDURAL RIGHTS OF JUDGE
(a) A judge shall have the right and reasonable opportunity to defend against the charges by the introduction of evidence, to be represented by attorney(s), and to examine and cross-examine witnesses. He shall also have the right to the issuance of subpoenas for attendance of witnesses to testify or produce books, papers, and other evi-dentiary matter.
(b) When a transcript of the trial testimony has been prepared at the expense of the Commission, a copy thereof shall be furnished without the cost to the judge. The judge shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings transcribed at his expense.
(c)If the judge is adjudged insane or incompetent, the Commission shall appoint an attorney ad litem unless the judge has a guardian who will represent him. The guardian or attorney ad litem may claim and exercise any right and privilege and make any defense for the judge with the same force and effect as if claimed, exercised, or made by the judge, if competent, and whenever these rules provide for serving or giving notice or sending any matter to the judge, a copy of such notice or matter also shall be served, given, or sent to the guardian or attorney ad litem.
RULE 17. AMENDMENTS TO NOTICE OR ANSWER
The Commission may in the interest of justice allow or require amendments to the Notice of Formal Charges and may allow amendments to the Answer. In case such an amendment is made, the judge shall be given reasonable time both to answer the amendment and to prepare and present his defense against the matters charged thereby.
RULE 18. EXTENSION OF TIME
The Chairman of the Commission may extend the time for filing an Answer or for the commencement of a hearing before the Commission.
RULE 19. HEARING ADDITIONAL EVIDENCE
The Commission may order a hearing for the taking of additional evidence at any time while the. matter is pending before it. The order shall set the time and place of the hearing and shall indicate matters on which the evidence is to be taken. A copy of such order shall be sent by mail at least 10 days prior to the date of hearing.
RULE 20. COMMISSION VOTE
After conclusion of the hearing and consideration of the issues presented for decision, the Commission shall first determine by vote the judge’s guilt or innocence of the formal charges. If the Commission deter *476 mines by an affirmative vote of not less than nine members that the judge is guilty of one or more of the charges so specified, it shall then proceed to determine the discipline to be recommended. Failure to recommend the imposition of a penalty by the affirmative vote of not less than nine members shall constitute a dismissal of the proceedings.
RULE 21. CERTIFICATION OF COMMISSION RECOMMENDATION TO SUPREME COURT
Upon dismissal by the Commission of the formal charges, the Commission shall promptly file a copy of the same certified by the Chairman, General Counsel or Secretary of the Commission in the office of the Clerk of the Supreme Court of Florida. Upon making a determination recommending the discipline, retirement, or removal of a judge, the Commission shall promptly file a copy of the recommendation certified by the Chairman, General Counsel or Secretary of the Commission, together with a transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall promptly mail to the judge and to the attorney(s) notice of such filing, together with a copy of such recommendation, findings, and conclusions.
RULE 22. REVIEW OF COMMISSION PROCEEDINGS
(a) A petition to the Supreme Court to modify-or reject the recommendation of the Commission for discipline, retirement, or removal of a judge may be filed by tho judge within 30 days after the filing with the Clerk of the Supreme Court of the certified copy of tho Commission’s recommendation. The petition shall be based on the rooord, shall speeify the grounds rolied on, and shall be accompanied by petitioner’s brief together-with proof of service on-the- Commission of two copies, and on tho counsel of one copy of the petition and the brief. — Within 2Q-days-- after service of petitioner’s brief, the Commission shall file — a-respondent’s brief-and sorve a copy thereof on tho judge. Within 20 days-after serviee-of respondent’s brief the petitioner may file a reply brief, ■two copies-of-whioh shall be served on the Commission and one copy shall be served on the counsel,
(b) In the event the judge-does not file a petition as-provided in Rule 22(a), the Supreme Court shall, before modifying or rejecting the -recommendations of tho Commission, afford in such manner as the Court deems appropriate, both the judge and the Commission an opportunity — to file briefs and--to-prosent oral arguments before the Court in opposition to or in support-of the recommendations of the Commission.
To the extent necessary to implement this Rule, the Florida Appellate Rules shall be applicable to reviews of Commission proceedings by the Supreme Court.
RULE 23. SUBPOENAS
Subpoenas for the attendance of witnesses and the production of documentary evidence in any proceedings shall be issued as follows:
(a) Judicial Qualifications Commission. Subpoenas for the attendance of witnesses and the production of documentary evidence before the Commission, or for discovery in a proceeding, may be issued by any member or General Counsel of the Commission, and be served in the manner provided by law for the service of witness subpoenas in a civil action.
(b) Contempt. Any person who, without adequate excuse, fails to obey such a subpoena served upon him may be cited for contempt of the Commission in the manner provided in these rules.
RULE 24. CONFIDENTIALITY OF PROCEEDINGS
(a) All papers filed with and the proceedings before the Commission shall be confidential until a Notice of Formal Charges is filed by the Commission with the Clerk of the Supreme Court, at which time such charges and all further proceedings before the Commission shall be public.
*477 (b) All notices, papers and pleadings mailed to a judge prior to formal charges being instituted shall be enclosed in a cover marked “confidential”.
(c) Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding, subject matter or the identity of the judge until the proceeding is no longer confidential under these Rules. Violation of this oath shall be an act of contempt of the Commission.
(d) Violation of these Rules by a member of the Commission shall subject him after written notice and hearing, to removal from office by a majority vote of the Commission and shall constitute contempt of the Commission which may be enforced by appropriate proceedings in the Supreme Court of Florida.
RULE 25. INTERESTED PARTY
A judge who is a member of the Commission or of the Supreme Court shall be disqualified from participation in such capacity in any proceedings involving his own discipline, retirement, or removal.
RULE 26. DISQUALIFICATION OF MEMBERS OF COMMISSION
(a) Whenever any judge against whom formal proceedings have been instituted, as provided in these Rules, shall make and file with the Commission an affidavit that he fears that he will not receive a fair hearing before the Judicial Qualifications Commission on the charges because of the prejudice of one or more members of the Commission against him, and the facts stated as the basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not of kin to the judge or his attorney, or if any member of the Commission shall voluntarily recuse himself, such member or members of the Commission shall proceed no further therein and shall be disqualified from hearing said charges. Every such affidavit of a judge shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the members of the Commission allegedly prejudiced, and shall be filed not more than 15 days after service of the Notice of Formal Charges upon the judge charged. The Commission shall make ad hoc appointments of a person or persons to take the place of the member or members of the Commission so disqualified, but each member so disqualified may participate in the action of the Commission in making such ad hoc appointments. Each ad hoc appointee shall be from the same category as the disqualified members as set forth in Section 12(a) of Article V of the Constitution of the State of Florida. The judge may, within 15 days after receiving notice of any ad hoc appointment, file a like affidavit as to said appointee which shall be supported in substance by affidavit of two citizens as set forth above, in which event said ad hoc appointee shall not be disqualified on account of alleged prejudice against said judge unless said appointee admits that it is then a fact that he is prejudiced against said judge, or unless a majority of the Commission, which may include any ad hoc appointee holds that said appointee is prejudiced against the judge; in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.
(b) A judge moved against by the Commission may, by affidavit, suggest the disqualification of a member or members of the Commission unsupported by two citizens, but in such event the determination of the matter of disqualification shall be by majority vote of the Commission unless the person sought to be disqualified voluntarily disqualifies himself.
RULE 27. CONTEMPT
Should any witness fail without justification to respond to the lawful subpoena of the Commission or having responded, fail or refuse to answer all lawful inquiries or to turn over evidence that has been lawfully subpoenaed or should any person be guilty of disorderly or contemptuous conduct before any hearing of the Commission, a motion may be filed in the name of the Com *478 mission before the Circuit Court of the County in which the contemptuous act was committed, alleging the specific failure on the part of the witness or the specific disorderly or contemptuous act of the person which forms the basis of an alleged contempt of the Commission. Such motion shall pray for the issuance of an order to show cause directed to such witness or person ordering him to show cause before the Circuit Court why the Circuit Court should not find him in contempt of the Commission and he should not be punished by the Court therefore. The Circuit Court shall issue such orders and judgments therein as the Court deems appropriate.

 Fla.R.App.P. 9.010; see also In re Proposed Appellate Rules, 351 So.2d 981 (Fla.1977). We note that subsection (a) is identical to the Commission’s former Rule 23(a), which we approved in In re Rules of the Florida Judicial Qualifications Commission, 346 So.2d 70 (Fla.1977). At that time, however, this Court had not officially adopted any procedural rule to govern such proceedings, and thus there was no conflict of the kind that now exists.