608 So.2d 472 (1992)
In re AMENDMENTS TO the FLORIDA RULES OF JUDICIAL ADMINISTRATION  PUBLIC ACCESS TO JUDICIAL RECORDS.
In re AMENDMENTS TO the RULES REGULATING THE FLORIDA BAR  PUBLIC RECORDS.
Nos. 80419, 80432.
Supreme Court of Florida.
October 29, 1992.
Gerald T. Wetherington, Chairman, Public Records Rules Drafting Committee, Alan T. Dimond, President, Patricia Ann Seitz, President-elect, Miami, John F. Harkness, Jr., Executive Director, and John A. Boggs, Director, Lawyer Regulation, The Florida Bar, Tallahassee, for petitioner.
Henry P. Trawick, Jr., Sarasota, Parker D. Thomson and Carol A. Licko of Thomson, Muraro, Razook & Hart, P.A., Miami, on behalf of The Florida Press Ass'n and Florida Society of Newspaper Editors.
Scott Foster, Gulf Breeze, Barry Richard of Greenberg, Trauring, Hoffman, Lipoff, Rosen & Quentel, P.A., Tallahassee, on behalf of The First Amendment Foundation.
Harvey M. Alper of Massey, Alper & Walden, P.A., Altamonte Spring, Ronald A. Bibace, Boca Raton, and Gregg D. Thomas and David S. Bralow of Holland & Knight, P.A., Tampa, on behalf of the Tribune Co., responding.
PER CURIAM.
The Public Records Rules Drafting Committee petitioned this Court to approve its proposed changes to the Florida Rules of Judicial Administration. The Florida Bar also filed a petition with this Court submitting proposed amendments to the Rules Regulating The Florida Bar. Because both proposals concern public access to records, we have consolidated the two cases. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
The petitions were prompted by a proposed amendment to the Florida Constitution which will be on the ballot on the November 3, 1992 election. The proposed amendment essentially provides that all records of the judicial branch shall be public except those exempted by Court rule in effect on the date of the adoption of the amendment or those exempted by the legislature. The proposed amendments were published in the Florida Bar News on September 15, 1992, and several comments were filed in response. Based on our consideration of those comments, the proposed drafts, and oral arguments, we have adopted the appended amendments. The amendments to the Florida Rules of Judicial Administration are, in part, designed to clarify the rules on public access to the records of the judicial branch of government and its agencies. In light of Florida's strong policy in favor of open government,[1] the public is entitled to inspect the records of the judiciary, with certain exceptions.
The amendments to the Florida Rules of Judicial Administration are intended to reflect the judiciary's responsibility to perform both an administrative function and an adjudicatory function. In its administrative role, the judiciary is a governmental branch expending public funds and employing government personnel. Thus, records generated while courts are acting in an administrative capacity should be subject to the same standards that govern similar records *473 of other branches of government. The judiciary's adjudicatory responsibilities, however, require a modified policy toward public inspection. We find that the exceptions to the public access rule, listed in rule 2.051(a) of the Florida Rules of Judicial Administration, are reasonable and necessary. They permit the judiciary to protect the rights of all citizens and perform its responsibilities. The rules we adopt do not close any judicial records not presently closed and in some instances open certain records which were formerly closed. Several individuals and groups requested the opening of even further judicial records, but the Court is unsure whether or not the opening of these additional records could have the effect of damaging or disrupting the judicial system. Because the proposed amendment prohibits the Court from later enacting a rule which would close any other records, the Court determined to deny such additional requests at this time. However, the Court is desirous of further input on these additional requests to assess their impact upon the integrity of our judicial system. This will permit further analysis of these requests and give the Court flexibility to open such additional records in the future as may be in the best interest of the public and the judicial system. We therefore adopt the amendments as set forth following this opinion as rule 2.051, Public Access to Judicial Records, Florida Rules of Judicial Administration.
The Florida Bar has proposed amendments to the Rules Regulating The Florida Bar that address public access to records in the possession of the bar. The amendments delineate certain records which the bar may clearly refuse to disclose, establishes confidentiality restrictions on advisory ethics opinions, and sets the procedures for maintaining and inspecting bar records. After a review of the bar's proposal and the comments received, we adopt the amendments to the Rules Regulating The Florida Bar as set forth following this opinion. We have added rules 1-14.1 and 7-5.1, and we have amended bylaw 2-9.4 and rules 10-8.1 and 15-4.2.
The amendments adopted herein shall be effective immediately upon the filing of this opinion.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs specially with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
OVERTON, Justice, specially concurring.
I concur and write only to emphasize that, as I read these rules: (1) there is no change regarding the presumption of openness of court records, as set forth in Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla. 1988); and (2) the judicial branch's administrative documents, including personnel and finance records, are being treated the same as similar records in the executive and legislative branches.

RULES OF JUDICIAL ADMINISTRATION

Rule 2.051. PUBLIC ACCESS TO JUDICIAL RECORDS
(a) Generally. Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government and its agencies. The public shall have access to all records of the judicial branch of government and its agencies, except as provided below. The following records of the judicial branch and its agencies shall be confidential:
(1) trial and appellate court memoranda, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court's judicial decision-making process utilized in disposing of cases and controversies before Florida courts unless filed as a part of the court record;
*474 (2) memoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling interest which cannot be adequately protected by less restrictive measures. The degree of confidentiality imposed shall be no broader than necessary to protect the compelling court interest involved. The decision that confidentiality is required with respect to such administrative memorandum or written advisory opinion shall be made by the chief judge of the court involved, subject to review as provided below;
(3) complaints alleging misconduct against judges and other entities or individuals licensed or regulated by the courts until probable cause is established, unless otherwise provided;
(4) periodic evaluations implemented solely to assist judges in improving their performance, all information gathered to form the bases for the evaluations, and the results generated therefrom;
(5) applications by and evaluations of persons applying to serve as unpaid volunteer personnel to assist the court, at the court's request and direction, unless made public by court order based on a showing of materiality in a pending court procedure;
(6) copies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of said warrants or until a determination is made by law enforcement authorities that execution cannot be made;
(7) all records made confidential under the Florida and United States Constitutions and federal law;
(8) all court records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;
(9) any court record that upon judicial determination in case decision or court rule establishes that
(A) confidentiality is required to
(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
(ii) protect trade secrets;
(iii) protect a compelling governmental interest;
(iv) obtain evidence to determine legal issues in a case;
(v) avoid substantial injury to innocent third parties;
(vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;
(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;
(B) the degree and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A); and
(C) no less restrictive measures are available to protect the interests set forth in subdivision (A).
(10) the names and any identifying information of judges mentioned in an advisory opinion of the Committee on Standards of Conduct for Judges.
(b) Review of Denial of Access Request. Expedited review of denials of access to judicial records or to the records of judicial agencies shall be provided through an action for mandamus in the following manner:
(1) Where a judge has denied a request for access to records in the judge's possession or custody, the mandamus action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access.
(2) All other mandamus actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.
*475 Requests and responses to requests for access to public records under this rule shall be made in a reasonable manner.

RULES REGULATING THE FLORIDA BAR

1-14 RECORDS

RULE 1-14.1 ACCESS TO RECORDS
(a) Confidential Records. All records specifically designated confidential by court rules, the Florida or United States Constitution, statutes, attorney work product, and attorney-client communications shall be confidential. In the event that The Florida Bar objects to production, these records shall not be produced without order of the Supreme Court of Florida or some person designated by the supreme court to decide whether the records should be disclosed.
(b) Records Confidential under Applicable Law. All records in the possession of The Florida Bar that are confidential under applicable rule or law when made or received shall remain confidential and shall not be produced by the bar, except as authorized by rule or law or pursuant to order of the Supreme Court of Florida.
(c) Rules of Procedure and Florida Evidence Code; Applicability. Except as otherwise provided in these Rules Regulating The Florida Bar, any restrictions to production of records contained in the Florida Evidence Code (chapter 90, Florida Statutes, as amended), Florida Rules of Civil Procedure, or Florida Rules of Criminal Procedure shall apply to requests for access to the records of The Florida Bar.
(d) Access to Records; Notice; Costs of Production. Any records of The Florida Bar that are not designated confidential by these Rules Regulating The Florida Bar shall be available for inspection or production to any person upon reasonable notice and upon payment of the cost of reproduction of the records.

RULES REGULATING THE FLORIDA BAR

BYLAW 2-9.4 ETHICS
(a) Rules of Procedure. The board of governors of The Florida Bar shall adopt rules of procedure governing the manner in which opinions on professional ethics may be solicited by members of The Florida Bar, issued by the staff of The Florida Bar or by the professional ethics committee, circulated or published by the staff of The Florida Bar or the professional ethics committee, and appealed to the board of governors.
(b) Amendment. The adoption of, repeal of, or amendment to the rules authorized by subdivision (a) shall be effective only under the following circumstances:
(1) The proposed rule, repealer, or amendment shall be approved by a majority vote of the board of governors at any regular meeting of the board of governors.
(2) The proposal thereafter shall be published in The Florida Bar News at least 20 days preceding the next regular meeting of the board of governors.
(3) The proposal thereafter shall receive a majority vote of the board of governors at its meeting following publication as herein required.
(c) Waiver. The rules of procedure adopted as required in subdivision (a) may be temporarily waived as to any particular matter only upon unanimous vote of those present at any regular meeting of the board of governors.
(d) Confidentiality. Each advisory opinion issued by Florida Bar ethics counsel shall be identified as a "staff opinion" and shall be available for inspection or production. The names and any identifying information of any individuals mentioned in a staff opinion shall be deleted before the staff opinion is released to anyone other than the member of The Florida Bar making the original request for the advisory opinion.

*476 RULES REGULATING THE FLORIDA BAR

7-5. RECORDS

RULE 7-5.1 ACCESS TO RECORDS
(a) Confidentiality. All matters, including, without limitation, claims, proceedings (whether transcribed or not), files, preliminary and/or final investigation reports, correspondence, memoranda, records of investigation, and records of the committee and the board of governors involving claims for reimbursement from the client's security fund are property of The Florida Bar and are confidential.
(b) Publication of Payment Information. After the board of governors has authorized payment of a claim, the bar may publish the nature of the claim, the amount of the reimbursement, and the name of the lawyer who is the subject of the claim. The name, address, and telephone number of the claimant shall remain confidential unless specific written permission has been granted by the claimant permitting disclosure.
(c) Response to Subpoena. The Florida Bar shall, pursuant to valid subpoena issued by a regulatory agency (including professional discipline agencies) or other law enforcement agencies, provide any documents that are otherwise confidential under this rule unless precluded by court order. The Florida Bar may charge a reasonable fee for the reproduction of the documents.
(d) Response to False or Misleading Statements. The Florida Bar may make any disclosure necessary to correct a false or misleading statement made concerning a claim.
(e) Statistical Information. Statistical information and/or analyses that are compiled by the bar from matters designated as confidential by this rule shall not be confidential.

RULES REGULATING THE FLORIDA BAR

10-8. CONFIDENTIALITY

RULE 10-8.1 FILES
(a) Files Are Property of Bar. All matters, including files, preliminary investigation reports, interoffice memoranda, records of investigations, and the records in trial and other proceedings under these rules, except those unlicensed practice of law matters conducted in county or circuit courts, are property of The Florida Bar. All of those matters shall be confidential and shall not be disclosed except as provided in these rules. When disclosure is permitted under these rules, it shall be limited to information concerning the status of the proceedings and any information that is part of the UPL record as defined in these rules.
(b) UPL Record. The UPL record shall consist of the record before a circuit committee, the record before a referee, the record before the Supreme Court of Florida, and any reports, correspondence, papers, and recordings and transcripts of hearings furnished to, served on, or received from the respondent or the complainant. The record before the circuit committee shall consist of all reports, correspondence, papers, and recordings furnished to or received from the respondent and the transcript of circuit committee meetings or hearings, if the proceedings were attended by a court reporter; provided, however, that the committee may retire into private session to debate the issues involved and to reach a decision as to the action to be taken. The record before a referee and the record before the Supreme Court of Florida shall include all items properly filed in the cause including pleadings, transcripts of testimony, exhibits in evidence, and the report of the referee.
(c) Limitations on Disclosure. Any material provided to or promulgated by The Florida Bar that is confidential under applicable law shall remain confidential and shall not be disclosed except as authorized by the applicable law. If this type of material *477 is made a part of the UPL record, that portion of the UPL record may be sealed by the circuit committee chair, the referee, or the court.
(d) Disclosure of Information. Unless otherwise ordered by this court or the referee in proceedings under this rule, nothing in these rules shall prohibit the complainant, respondent, or any witness from disclosing the existence of proceedings under these rules or from disclosing any documents or correspondence served on or provided to those persons.
(e) Response to Inquiry. Representatives of The Florida Bar, authorized by the board of governors, shall reply to inquiries regarding a pending or closed unlicensed practice of law investigation as follows:
(1) Cases Opened Prior To January 1, 1992 November 1, 1992. Cases opened prior to January 1, 1993 November 1, 1992, shall remain confidential.
(2) Cases Opened On or After January 1, 1993 November 1, 1992. In any case opened on or after January 1, 1993 November 1, 1992, the fact that an unlicensed practice of law investigation is pending and the status of the investigation shall be public information; however, the UPL record shall remain confidential except as provided in rule 10-8.1(e)(4).
(3) Recommendation of Circuit Committee. The recommendation of the circuit committee as to the disposition of an investigation opened on or after January 1, 1993 November 1, 1992, shall be public information; however, the UPL record shall remain confidential except as provided in rule 10-8.1(e)(4).
(4) Final Action by Standing Committee and UPL Staff Counsel. The final action of the standing committee on investigations opened on or after January 1, 1993 November 1, 1992, shall be public information. Once the recommendation is accepted, the UPL record in cases opened on or after January 1, 1993 November 1, 1992, that are closed by the standing committee or UPL staff counsel as provided elsewhere in these rules, cases where a cease and desist affidavit has been accepted, and cases where a litigation recommendation has been approved shall be public information and may be provided upon specific inquiry except that information that remains confidential under rule 10-8.1(c). The Florida Bar may charge a reasonable fee for identification of and photocopying the documents.
(f) Production of UPL Records Pursuant to Subpoena. The Florida Bar, pursuant to a valid subpoena issued by a regulatory agency, may provide any documents that are a portion of the UPL record even if otherwise deemed confidential under these rules. The Florida Bar may charge a reasonable fee for identification of and photocopying the documents.
(g) Notice to Judges. Any judge of a court of record may be advised as to the status of a confidential unlicensed practice of law case and may be provided with a copy of the UPL record. The judge shall maintain the confidentiality of the matter.
(h) Response to False or Misleading Statements. If public statements that are false and misleading are made about any UPL case, The Florida Bar may make any disclosure necessary to correct such false or misleading statements.
(i) Providing Otherwise Confidential Material. Nothing contained herein shall prohibit The Florida Bar from providing otherwise confidential material as provided in rule 10-3.2(f).

RULES REGULATING THE FLORIDA BAR

RULE 15-4.2 RECORDS
(a) Maintenance of Records. The committee shall keep records of its activities for 3 years.
(b) Public Access to Records. All records of the committee shall be open for public inspection and copying with the following exceptions:
*478 (1) proposed advertisements and proposed direct mail communications filed for advisory review when the submitting attorney advises the committee that the materials constitute protected trade secrets or proprietary information;
(2) the media, frequency, and duration of an advertisement when the submitting attorney advises the committee that the information constitutes protected trade secrets or proprietary information;
(3) the names and addresses of recipient of direct mail communications;
(4) information made confidential by rule of the Supreme Court of Florida;
(5) attorney-client communications between the bar, its committees and staff and those attorneys retained by the bar in anticipation of, or during, civil litigation;
(6) work product prepared by an attorney retained by the bar in anticipation of, or during, civil litigation; and
(c) Inspection of Copyrighted Material. Copyrighted work may be inspected but not reproduced.
NOTES
[1] Section 119.01, Florida Statutes (1991), expressly provides that "all state, county, and municipal records shall at all times be open for a personal inspection by any person."