# Supreme Court of Florida

_____

No. SC17-1362

_____

**IN RE: AMENDMENTS TO THE FLORIDA JUDICIAL
QUALIFICATIONS COMMISSION RULES**

August 30, 2018

PER CURIAM.

The Florida Judicial Qualifications Commission (Commission or JQC) has submitted for this Court's review recent amendments to the Florida Judicial Qualifications Commission Rules (JQC Rules). Article V, section 12(a)(4) of the Florida Constitution authorizes this Court, with five justices concurring, to repeal the Commission's rules of procedure or any part thereof. The Court now exercises that authority and repeals the recent amendments to JQC Rules 6 and 20 that purport to authorize the Commission's investigative and hearing panels to designate filings with this Court confidential (confidentiality amendments). These amendments are inconsistent with Florida Rule of Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records) and beyond the Commission's authority under the Florida Constitution.

In its July 24, 2017, notice of adoption, the Commission submitted for this Court's review a number of recent amendments to the JQC Rules, including the confidentiality amendments to rules 6 and 20.[1]  This Court reviewed all the amendments and ordered the Commission to explain why the confidentiality amendments should not be repealed for inconsistency with rule 2.420.  After receiving the Commission's response, this Court issued an order requesting clarification of the amendments.  The Commission responded to this order and simultaneously provided a notice of adoption of revised confidentiality amendments to rules 6 and 20.  Having considered the originally submitted amendments, the Commission's responses to this Court's orders, and the notice of adoption of revised amendments to rules 6 and 20, the Court repeals only the rule 6 and 20 confidentiality amendments.

Similar to the confidentiality amendments originally submitted in this case,[2] the revised confidentiality amendments, which resulted in newly adopted JQC

---

1. The amendments originally submitted are the amendments included in the October 27, 2017, second revised appendix A to the July 24, 2017, notice of adoption.  The Court published those amendments for comment.  No comments were filed.

2. The original confidentiality amendments consisted of amendments to relettered rule 6(k) and a new rule 20(b) that authorized the investigative and hearings panels to designate portions of filings with this Court confidential.  The Commission added the following sentence to relettered rule 6(k):

Rules 6(*l*) and 20(b), authorize the Commission's investigative and hearing panels

to designate filings with this Court, or portions of those filings, confidential.[3]

_____

> The Investigative Panel may designate portions of the filing with the Supreme Court confidential. Portions of the filings designated as confidential shall be described without revealing the confidential information and will remain so, subject to further order from the Supreme Court.

Appendix A Second Revised at 5, *In re Amends. to Fla. Jud. Qualif. Comm'n Rules*, No. SC17-1362 (Fla. appendix filed Oct. 27, 2017). The Commission added new rule 20(b) to provide as follows:

> The Hearing Panel may designate portions of the record, findings, and recommendation confidential. Portions of the record designated as confidential shall be described without revealing the confidential information and will remain so, subject to further order from the Supreme Court.

*Id.* at 7.

3. Newly adopted rules 6(*l*) and 20(b), included in the Commission's March 13, 2018, response and notice of adoption, provide that the investigative and hearing panels

> may designate filings with the Supreme Court, or portions of documents therein, as confidential. The confidential information shall be described without revealing the confidential information, consistent with the procedure contained in Rule 2.420 of the Florida Rules of Judicial Administration. The materials that may be designated as confidential include those items listed in Rule 2.420, or other medical and psychological records, or filings referencing those materials. The materials designated as confidential by the Commission shall remain so, subject to review by, and further order of the Supreme Court.

Response to Request for Clarification; and Notice of Adoption of Amends. to Rules 6 and 20(b) of the Fla. Jud. Qualif. Comm'n at 2-3, *In re Amends. to Fla. Jud. Qualif. Comm'n Rules*, No. SC17-1362 (Fla. document filed Mar. 13, 2018).

According to the Commission, authorizing its panels to designate filings with this Court confidential is the Commission's "attempt to avoid disclosure of medical and personal information that is necessary to provide to [this] Court in cases involving disability or illness."[4]  This Court does not question that the Commission's attempt to protect such sensitive medical and personal information from public view is made with good intentions.  However, this Court must repeal the confidentiality amendments because neither the Commission nor its panels have authority to designate filings in this Court confidential under rule 2.420 or the Florida Constitution, and the Commission does not have authority to adopt a rule of procedure purporting to grant such authority.

Under article V, section 2(a) of the Florida Constitution, this Court has exclusive authority to "adopt rules for the practice and procedure in all courts," including this Court.  Article V, section 12(a)(4) of the Florida Constitution authorizes the Commission to "adopt rules regulating its proceedings."  However, neither that provision of the constitution[5] nor article I, section 24, which creates the

---

4. Notice of Adoption of Amendments to the Rules of the Fla. Jud. Qualif. Comm'n at 6, 10, *In re Amends. to Fla. Jud. Qualif. Com'n. Rules*, No. SC17-1362 (Fla. notice filed July 24, 2017); Response to Request for Clarification; and Notice of Adoption of Amends. to Rules 6 and 20(b) of the Fla. Jud. Qualif. Comm'n at 2-3, *In re Amends. to Fla. Jud. Qualif. Comm'n Rules*, No. SC17-1362 (Fla. document filed Mar. 13, 2018).

5. *Cf. In re Rules of Fla. Jud. Qualif. Comm'n*, 364 So. 2d 471, 471 (Fla. 1978) (repealing JQC rule purporting to establish procedures governing JQC

- 4 -

public's right of access to judicial branch records and the limitations on that right,[6] authorizes the Commission to adopt rules allowing its panels to designate filings in this Court confidential.

Article I, section 24 of the Florida Constitution recognizes the rules of this Court that were in effect at the time of the adoption of that section as one source of limitation on the public's right of access to judicial branch records.[7] Therefore, in October 1992, in anticipation of the adoption of article I, section 24, this Court adopted Florida Rule of Judicial Administration 2.420 to govern access to judicial branch records.[8]

As relevant here, rule 2.420 provides the procedures for determining the confidentiality of court records, which includes all filings with this or any other

---

proceedings in this Court as exceeding Commission's constitutional authority to "adopt rules regulating its proceedings" and intruding on this Court's exclusive authority to "adopt rules for the practice and procedure in all courts").

6. Article I, section 24 of the Florida Constitution creates a right of access to all public records as defined by that section, which includes judicial branch records, except for those records made confidential by another section of the constitution, by a statute enacted by the Legislature, or by a court rule that was in effect when article I, section 24 was adopted.

7. Art. I, § 24(d), Fla. Const.

8. *See In re Amends. to Fla. Rule of Jud. Admin.—Public Access to Jud. Records*, 608 So. 2d 472 (Fla. 1992) (adopting Florida Rule of Judicial Administration 2.051, which has been renumbered 2.420, to govern public access to judicial branch records).

state court.[9] Thus, the only filings in a JQC proceeding in this Court that can be designated and maintained as confidential are those determined to be confidential in accordance with the rule 2.420 procedures adopted by this Court.[10] A filing in this or any other state court is not confidential under rule 2.420 and cannot be otherwise "designated" confidential simply because it contains sensitive personal information.[11] And nothing in rule 2.420 excludes from its requirements filings in JQC proceedings in this Court or authorizes the Commission or its panels to designate such filings confidential and exempt from the public's constitutional right of access to those records.

---

9. *See* Fla. R. Jud. Admin. 2.420(b)(1) (defining "[r]ecords of the judicial branch"); 2.420(b)(1)(A) (defining "court records").

10. *See* Fla. R. Jud. Admin. 2.420(d)(1)-(d)(3) (listing information in court records that the clerk of court must designate and maintain confidential; providing for the filing of a notice of confidential information in court filings; and providing for the filing of motions to determine confidentiality of information in court records that may be confidential under subdivision (c) of rule 2.420 but is not listed under subdivision (d)(1)); Fla R. Jud. Admin. 2.420(g)(1), (g)(8) (providing for the filing of motions to determine confidentiality of appellate court records and providing that records of a lower tribunal determined to be confidential by that tribunal must be treated as confidential during any review proceedings).

11. *Cf. In re Implementation of Comm. on Privacy & Court Records Recommendations*, 78 So. 3d 1045, 1049-50 (Fla. 2011) (explaining that Florida Rule of Judicial Administration 2.425 provides the procedures for minimizing the amount of sensitive personal information included in documents being filed with the court and that rule 2.420 provides the procedures for determining the confidentiality of information after it has been filed).

Consistent with article V, section 12(a)(4) of the Florida Constitution, which makes proceedings against a judge before an investigative panel of the Commission confidential, rule 2.420(c)(3)(A) recognizes as confidential complaints alleging misconduct against judges until probable cause is found. However, after an investigative panel finds probable cause and files formal charges with the Clerk of this Court, any further proceedings before the Commission or this Court are public, and the records created in connection with or filed in those proceedings are public unless they are recognized as confidential under rule 2.420(c).

This Court cannot agree with the Commission that rule 2.420(c)(8) authorizes the Commission to adopt the confidentiality amendments at issue here. Rule 2.420(c)(8) recognizes as confidential "[a]ll records presently deemed to be confidential by . . . the rules of the Judicial Qualifications Commission." This provision was adopted in 1992, shortly before article I, section 24 of the Florida Constitution.[12] Section 24(d) preserves the effectiveness of rules of court exempting certain judicial branch records from public access as of the date this section was adopted, but it does not authorize new rules of court providing additional exemptions. On the contrary, section 24(c) grants only the Legislature

---

12. *In re Amends. to Fla. Rule of Jud. Admin.—Public Access to Jud. Records*, 608 So. 2d at 474.

the power to create new exemptions. Consistent with these constitutional provisions, rule 2.420(c)(8) simply recognizes as confidential records that were confidential under any JQC rule that existed at the time rule 2.420 was adopted.[13] That rule does not authorize the Commission to adopt new rules of procedure addressing the confidentiality of its filings in this Court.

Accordingly, this Court repeals the amendments to JQC Rules 6 and 20[14] that purport to authorize the Commission's panels to designate filings with this Court confidential.

It is so ordered.

CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
LEWIS, J., concurs in result.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

13. The term "presently" as used in rule 2.420(c)(8) means at the time of the 1992 adoption of the rule. *See id.* at 472-73 (recognizing that proposed amendment to the Florida Constitution, which became article I, section 24, provided that all judicial branch records are public except those exempted by rule in effect on the date of the adoption of the amendment or those exempted by the Legislature and therefore constitutional amendment would prohibit the later adoption of judicial branch rules that would close any other judicial branch records).

14. To avoid any revival issues, the Court repeals new rules 6(*l*) and 20(b) included in the appendix to this opinion and the amendment to relettered rule 6(k) and new rule 20(b) quoted in footnote 2 of this opinion.

Original Proceeding – Florida Rules of Judicial Qualifications Commission

Krista Marx, Chair, West Palm Beach, Florida, Michael L. Schneider, Executive Director, and Alexander J. Williams, Assistant General Counsel, Judicial Qualifications Commission, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## APPENDIX A THIRD REVISED (with Changes to 6(*l*) and 20(b))
## FILED MARCH 14, 2018

### RULE 2.   DEFINITIONS

In these rules, the singular shall include the plural and vice-versa, and any singular personal pronoun shall include both feminine and masculine genders, and unless the context or subject matter otherwise requires:

**(1)**   "Commission" means the Judicial Qualifications Commission.

**(2)**   "Investigative Panel" means a division of the Commission vested with the jurisdiction to receive or initiate complaints, conduct investigations, dismiss complaints, and, upon a vote of a simple majority of the panel, submit formal charges to the hearing panel. The chair of the Commission shall be its chair.

**(3)**   "Hearing Panel" means a division of the Commission vested with the authority to receive and hear formal charges from the Investigative Panel. The Hearing Panel, by majority vote of its members may recommend to the Supreme Court that a judge be subject to appropriate discipline. Upon a two-thirds vote, the panel may recommend to the Supreme Court the removal of a judge, as provided in Article 5, § 12, of the Constitution of the State of Florida, or the involuntary retirement of a judge for any permanent disability that seriously interferes with the performance of judicial duties.

**(4)**   "Judge" means a justice of the Supreme Court and a judge of the District Court of Appeal, Circuit Court and County Court.

**(5)**   "Chair" includes the acting chair.

**(6)**   "General Counsel" means any member of The Florida Bar ~~designated~~employed by the ~~Commission to serve as legal advisor to the Commission and~~ Investigative Panel~~, and to perform such other duties as authorized by the Commission~~ to gather and present evidence before the Investigative Panel or the Hearing Panel with respect to the charges against a judge and to represent the Commission in any proceedings, related to the activities of the Commission.

- 10 -

**(7)** "Counsel to the Hearing Panel" means any member(s) of The Florida Bar, designated by the ~~Hearing Panel~~Chair of the Commission to serve as legal advisor to the Hearing Panel. Counsel to the Hearing Panel shall act as clerk to the Hearing Panel during the trial, collect evidence, and transmit the record to the Supreme Court.

**(8)** "Special Counsel" means any member(s) of The Florida Bar designated by the Investigative Panel to gather and present evidence before the Investigative Panel or the Hearing Panel with respect to the charges against a judge and to represent the Commission in any proceedings, related to the activities of the Commission.

**(9)** "Shall" is mandatory and "may" is permissive.

**(10)** "Mail" and "mailed" include ordinary, registered, certified, or other form of United States mail, personal delivery, and delivery by a commercial delivery service.

**(11)** "Executive Director" means a ~~person designated~~member of The Florida Bar employed by the Commission to supervise its staff, to serve as legal advisor to the Commission and Investigative Panel, and to render such services to the Commission and its several panels as required~~, provided, however, that~~. ~~the~~The Executive Director and administrative staff will provide only ministerial or similar services to facilitate the activities of the Hearing Panel.

**(12)** "Member" means a member of the Commission.

**(13)** "Supreme Court" means the Supreme Court of Florida.

## RULE 4.    OFFICERS OF THE COMMISSION

The Commission shall elect a Chair and a Vice-Chair, each of whom shall serve for a term of two years. The Vice-Chair shall act as the chair of the Commission in the absence of the Chair. If both the Chair and the Vice-Chair are absent, then a majority of the members present may appoint a Chair Pro Tempore. The Commission may employ staff, including an ~~e~~Executive ~~d~~Director and General Counsel, and such other staff as necessary to carry out its duties. The Commission will consider and decide matters relating to budget and other business of the Commission not specifically assigned to its panels. The ~~Hearing Panel may~~Chair shall appoint Counsel to the Hearing Panel to serve as its legal advisor.

**RULE 6.    INVESTIGATIVE PANEL RULES**

**(a)**    The Investigative Panel of the Commission, upon receiving factual information, not obviously unfounded or frivolous, or an individual complaint made under oath, indicating that a judge is guilty of willful or persistent failure to perform judicial duties, or conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office, or conduct violative of the Code of Judicial Conduct, or that the judge has a disability seriously interfering with the performance of the judge's duties, which is, or is likely to become, permanent in nature, may make an investigation to determine whether formal charges should be instituted.

**(b)**    The judge has no right to be present or to be heard during an investigation, but before the Investigative Panel determines that there is probable cause to initiate formal charges, the judge shall be notified of the investigation, the general nature of the subject matter of the investigation, and shall be afforded reasonable opportunity to make a statement before the Investigative Panel, personally or by the judge's attorney(s), verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct or disability, and to respond to questions from the Panel. The judge shall not have the right to present other oral testimony or evidence, nor the right of confrontation or cross-examination of any person interviewed, called or interrogated by the Investigative Panel; provided that the Investigative Panel in its sole discretion may receive and consider documentary evidence, including affidavits submitted by a judge. Such notification shall be given personally, by registered or certified mail, or by delivery by a commercial service, addressed to the judge at the judge's chambers or, if returned undelivered, at the judge's last known residence.

**(c)**    The Investigative Panel shall have the right to require a judge to meet with it on an informal basis in reference to matters that relate to the judge's duties.

**(d)**    When a judge has received a notice of investigation, or a notice to appear before the Investigative Panel, or has requested such notification, the judge shall be promptly notified in writing if the investigation does not disclose probable cause to warrant further proceedings.

**(e)**    The Investigative Panel shall have access to all information from all executive, legislative and judicial agencies, including grand juries. At any time, on request of the Speaker of the House of Representatives, the Commission shall

make available all information in possession of the Commission for use in consideration of impeachment.

**(f)**     When the Investigative Panel finds probable cause that formal charges should be filed against the judge, the Investigative Panel shall file a Notice of Formal Charges with the Clerk of the Supreme Court. The Investigative Panel shall designate one or more Special Counsel who shall prepare appropriate papers and pleadings, gather and present evidence before the Hearing Panel with respect to the charges against the judge, and otherwise act as counsel in connection with the prosecution of the charges against the judge, including the representation of the Commission in connection with any Commission or judicial proceedings. The Investigative Panel shall cause to be served on the judge a copy of the Notice of Formal Charges. Such proceedings shall be styled:

"BEFORE THE FLORIDA JUDICIAL QUALIFICATIONS COMMISSION"

"Inquiry Concerning a Judge, The Honorable_____, No. _____"

**(g)**     The notice shall be issued in the name of the Commission and specify in ordinary and concise language the charges against the judge and allege the essential facts upon which such charges are based, and shall advise the judge of the judge's right to file a written answer to the charges against within 20 days after service of the notice upon the judge.

**(h)**     Service of the notice shall be made personally, by registered or certified mail or by commercial delivery service, addressed to the judge at the judge's chambers or, if returned undelivered, at the judge's last known residence.

**(i)**     After the notice has been filed, any notice or other material shall be mailed to the judge at the judge's chambers or residence address, or to the judge's attorney(s), if any.

**(j)**     The notice may also include the judge's prior relevant judicial disciplinary history with the Commission and the record will be made available to the Hearing Panel to establish a pattern of conduct or to assist the Hearing Panel in recommending the appropriate sanction to the Supreme Court.

**(k)**     The Investigative Panel may reach agreement with a judge on discipline or disability, and such stipulation shall be transmitted directly to the

- 13 -

Supreme Court to accept or reject. If rejected, such agreement shall be without prejudice to any party thereto.

(*l*)     The Investigative Panel may designate filings with the Supreme Court, or portions of documents therein, as confidential.  The confidential information shall be described without revealing the confidential information, consistent with the procedure contained in Rule 2.420 of the Florida Rules of Judicial Administration.  The materials that may be designated as confidential include those items listed in Rule 2.420, or other medical and psychological records, or filings referencing those materials.  The materials designated as confidential by the Commission shall remain so, subject to review by, and further order of the Supreme Court. **(REPEALED)**

## RULE 8.     SUSPENSION OF JUDGE

Before or after the filing of a Notice of Formal Charges, the Investigative Panel may, in its discretion, issue its order directed to the judge ordering the judge to show cause before it why that panel should not recommend to the Supreme Court that the judge be suspended from office, either with compensation or without compensation, while the inquiry is pending. The order to show cause shall be returnable before the Investigative Panel at a designated place and at a time certain, at which place and time the Investigative Panel shall consider the question of suspension and any action thereto. Factors to be considered include: the seriousness of the allegation of misconduct, the preservation of public confidence in the judicial system, the responsiveness of the judge to the disciplinary process, or whether the judge has engaged in conduct that demonstrates a present unfitness to hold office. The arrest or conviction of a crime constitutes a sufficient basis for the recommendation for suspension under this rule. Thereafter, and upon the filing of a Notice of Formal Charges with the Supreme Court, the Investigative Panel, not less than two-thirds of its members concurring, may recommend to the Supreme Court that the judge be suspended from performing the duties of office, either with or without compensation, pending final determination of the inquiry. If the Investigative Panel recommends suspension, such recommendation shall have incorporated ~~therein a record of the proceedings of the Investigative Panel in relation to the order to show cause~~the factual basis for the recommendation.

## RULE 11.   SETTING FOR HEARING

After the filing of an Answer or the expiration of the time for its filing, the Hearing Panel shall set a time and place for a hearing and shall give notice of such

hearing at least 20 days prior to the date set. If the judge timely requests that the hearing be held in the county of the judge's residence, it shall be so held unless the Hearing Panel, by an affirmative vote of two-thirds of its members, determines otherwise. Hearings before the Commission should be accorded precedence over most other proceedings due to the extraordinary nature of the hearing.

## RULE 12.  PROCEDURE

**(a)     Settlement Negotiations.** Prior to commencement of the hearing to determine formal charges against a judge, the Investigative Panel retains the authority to enter into stipulations for proposed discipline with the judge or judge's representatives. After the commencement of the hearing to determine formal charges against a judge, the Hearing Panel shall have the authority to enter into stipulations for proposed discipline with the judge or judge's representative, which it shall incorporate into its recommendation to the Supreme Court.

**(b)**     In all proceedings before the Hearing Panel, the Florida Rules of Civil Procedure shall be applicable except where inappropriate or as otherwise provided by these rules.

**(c)**     Summary Judgment is not available to either party.

**(d)**     Special Counsel shall, upon written demand of a party or counsel of record, promptly furnish the following:

The names and addresses of all witnesses whose testimony the Special Counsel expects to offer at the hearing, together with copies of all written statements and transcripts of testimony of such witnesses in the possession of the counsel or the Investigative Panel which are relevant to the subject matter of the hearing and which have not previously been furnished, except those documents confidential under the Constitution of the State. When good cause is shown this rule may be waived.

**(de)**     At the time and place set for hearing, the Hearing Panel may proceed with the hearing whether or not the judge has filed an Answer or appears at the hearing.

## RULE 14.  EVIDENCE

**(a)**     At a hearing before theThe Hearing Panel, legal evidence only shall be received and oral evidence shall be taken only on oath or affirmation has wide

latitude to admit or exclude evidence and is not bound by the technical rules of evidence. It may admit evidence that is relevant and reliable as described in *The Florida Bar v. Tobkin*, 944 So. 2d 219 (Fla. 2006).

**(b)**    Past disciplinary actions by the Commission may be admitted by the Hearing Panel to demonstrate a relevant factual matter such as a pattern of conduct, or, upon a finding of guilt, to properly assess the appropriate sanction to recommend to the Supreme Court.

## RULE 20.    CERTIFICATION OF HEARING PANEL RECOMMENDATIONS TO SUPREME COURT

**(a)**    If the Hearing Panel dismisses the formal charges, the Hearing Panel shall promptly file a copy of the dismissal order certified by the Chair of the Hearing Panel with the Clerk of the Supreme Court. Upon making a determination recommending discipline, retirement or removal of a judge, the Hearing Panel shall file a copy of the recommendation certified by the Chair of the Hearing Panel, together with a transcript and the findings and conclusions, with the Clerk of the Supreme Court and shall mail to the judge and to the judge's attorney(s) notice of such filing, together with a copy of such recommendations, findings, and conclusions.

**(b)**    The Hearing Panel may designate filings with the Supreme Court, or portions of documents therein, as confidential.  The confidential information shall be described without revealing the confidential information, consistent with the procedure contained in Rule 2.420 of the Florida Rules of Judicial Administration. The materials that may be designated as confidential include those items listed in Rule 2.420, or other medical and psychological records, or filings referencing those materials.  The materials designated as confidential by the Commission shall remain so, subject to review by, and further order of the Supreme Court. **(REPEALED)**

**(c)**    If the Hearing Panel determines to recommend removal, it may also include in its findings and recommendations that the judge be suspended with or without pay pending the final determination of the inquiry.

## RULE 22.   SUBPOENAS

Subpoenas for the attendance of witnesses and the production of documentary evidence shall be issued as follows:

**(a)**     For investigative purposes, subpoenas may be issued for the attendance of witnesses and the production of documents before the General Counsel or Special Counsel with respect to any potential violation of the Code of Judicial Conduct, and counsel is empowered to administer oaths to all who are summonsed to testify or who may voluntarily appear before counsel to testify as to any potential violations of the Canons of the Code of Judicial Conduct.

**(b)**     Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery after formal charges are filed, and for the appearance of any person before ~~any~~the Hearing ~~p~~Panel of the Commission, may be issued by the General Counsel, Counsel to the Hearing Panel, ~~or~~ Special Counsel, or counsel for the judge, and may be served in the manner provided by law for the service of witness subpoenas in a civil action, but without cost.

**(c)     Contempt.** Any person who, without adequate excuse, fails to obey such a subpoena of the Commission or a panel of the Commission served upon that person may be cited for contempt of the Commission in the manner provided in these rules.

## RULE 25.   DISQUALIFICATION OR VACANCY

**(a)**     ~~Whenever a judge against whom formal proceedings have been instituted, shall file with the Hearing Panel an affidavit that the judge fears the judge will not receive a fair hearing before the Hearing Panel on the charges because of the prejudice of one or more members of the Hearing Panel against the judge, and the facts stated as the basis for making the affidavit shall be supported in substance by affidavit of at least two reputable citizens of the State of Florida not kin to the judge or the judge's attorney, or if any member of the Hearing Panel shall voluntarily recuse himself, such member or members of the Hearing Panel shall proceed no further therein and shall be disqualified from hearing the charges. The affidavit shall state the facts and the reasons for the belief that any such prejudice exists, shall specify the member(s) of the Hearing Panel allegedly prejudiced and shall be filed not more than 15 days after service of the Notice of Formal Charges upon the judge charged~~After the filing of formal charges, a judge may move to disqualify a member of the Hearing Panel. The motion shall be in writing, sworn to by the judge, and shall specifically allege the facts and reasons that establish a legally sufficient factual basis for disqualification.

**(1)    Grounds.** A motion to disqualify shall show facts would place a reasonably prudent person in fear of not receiving a fair and impartial hearing if the Hearing Panel member participates.

**(2)    Time.** A motion to disqualify shall be filed within a reasonable time not to exceed 15 days after the Hearing Panel members are identified, or the discovery of the facts constituting the grounds for the motion and shall be promptly presented to the Hearing Panel for an immediate ruling. A motion made during hearing shall be ruled on immediately.

**(3)    Determination.** The Hearing Panel shall determine whether the facts alleged are sufficient to support a motion to disqualify. The matter of disqualification shall be by a majority vote of the panel.

**(4)    Member's Initiative.** If any member of the Hearing Panel voluntarily recuses him or herself, the member shall not participate in the hearing.

**(b)**    The ~~Chair~~Executive Director of the Commission shall request from each of the appointing authorities a list of four persons who may temporarily serve in the absence of incapacitated or disqualified members. The appointing authorities are the Conference of District Court of Appeal Judges, the Conference of Circuit Court Judges, the Conference of County Court Judges, the Board of Governors of The Florida Bar, and the Governor of Florida. Upon the disqualification of or in the absence of a member of the Hearing Panel, the replacement shall be chosen by the Chair of the Commission from those listed by the appropriate appointing authority. Each such replacement shall be from the same category as the disqualified member(s) set forth in Section 12(a), Article V of the Constitution of the State of Florida.

**(c)**    ~~The judge may within 15 days after receiving notice of such ad hoc appointment, file a like affidavit as to that appointee, which shall be supported in substance by an affidavit of two citizens as set forth above, in which event the ad hoc appointee shall not be disqualified on account of alleged prejudice against the judge unless the appointee admits that it is then a fact that the appointee is prejudiced against the judge, or unless a majority of the Hearing Panel, which may include any ad hoc appointee, holds that the appointee is prejudiced against the judge, in which event the same ad hoc appointment procedure set forth above shall be followed until a qualified person has been appointed.~~

**(d)**    ~~A judge moved against by the Commission may, by affidavit, suggest the disqualification of a member or members of the Commission unsupported by~~

two citizens, but in such event the determination of the matter of disqualification shall be by majority vote of the panel having jurisdiction unless the person sought to be disqualified voluntarily recuses himself.

(e)     Upon the vacancy of a position on the Commission due to resignation or ineligibility as a member of the Commission, or upon the failure of the appointing authority to timely appoint a constituent member, the Chair shall appoint an ad hoc member from a list provided by the appropriate appointing authority. Each such replacement shall be from the same category as the disqualified member(s) set forth in Section 12(a), Article V of the Constitution of the State of Florida, and shall serve only until the appointing authority selects a representative to fill the vacancy.