# Supreme Court of Florida

_____

No. SC19-1049
_____

### IN RE:  AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.420.

November 7, 2019

PER CURIAM.

Previously, in this case, the Court, on its own motion,[1] amended Florida Rule of Judicial Administration 2.420(d) (Procedures for Determining Confidentiality of Court Records) to add two new categories of information in court records that the clerk of court must designate and maintain as confidential under subdivision (d)(1)(B) of the rule.  *See In re Amends. to Fla. Rule of Jud. Admin. 2.420*, No. SC19-1049 (Fla. June 27, 2019).  The Court has jurisdiction[2] and further amends subdivision (viii) of rule 2.420(d)(1)(B).

---

1.  *See* Fla. R. Jud. Admin. 2.140(d).

2.  *See* art. V, § 2(a), Fla. Const.

In response to newly enacted section 394.464(1), Florida Statutes,[3] which makes certain Baker Act records confidential, the Court amended subdivision (viii) of rule 2.420(d)(1)(B) to add "all petitions, court orders, and related records under the Baker Act" as a category of court records that the clerk must designate and maintain as confidential under the rule.  *See In re Amends.*, slip op. at 1, 4.  In response to amendments to section 119.0714(1)(k), Florida Statutes (2018), the Court added new subdivision (xxiii) to the rule to list "[i]nformation that can be used to identify a petitioner or respondent in a petition for an injunction against domestic violence, repeat violence, dating violence, sexual violence, stalking, or cyberstalking, and any affidavits, notice of hearing, and temporary injunction until the respondent has been personally served with a copy of the petition for injunction, affidavits, notice of hearing, and temporary injunction."  *See In re Amends.*, slip op. at 2, 4.[4]  Because the Court did not publish the amendments before adopting them, interested persons were given seventy-five days from the date of the opinion to comment on the amendments.  *See id.*at 2.

---

3.  *See* ch. 2019-51, §§ 1-2, Laws of Fla. (creating § 394.464 (Court records; confidentiality), Fla. Stat.).

4.  *See* ch. 2019-39, § 1, Laws of Fla. (amending § 119.0714(1)(k), Fla. Stat.).

The Court received three comments. One of the comments filed suggests an amendment to rule 2.420(d)(1)(B) that is beyond the scope of the amendments at issue here. The Florida Public Defenders Association filed a comment supporting the amendment to subdivision (viii) of the rule. The Rules of Judicial Administration Committee (RJA Committee) filed a comment supporting the rule amendments, providing majority and minority positions on the two amendments, with a majority of the committee suggesting an amendment to new subdivision (xxiii) of rule 2.420(d)(1)(B) and a minority of the committee suggesting an amendment to subdivision (viii) of the rule. After considering the majority and minority views of the RJA Committee, we amend subdivision (viii) of the rule consistent with subsection (3) of section 394.464, Florida Statutes, as suggested by the minority, to add "all personal identifying information of a person subject to the [Baker] Act."

However, we decline to amend new subdivision (xxiii) to include "[r]ecords that contain" the confidential identifying information listed in that subdivision of the rule. This Court cannot adopt a rule that makes an entire record in a court file confidential simply because that record contains identifying information that is confidential under section 119.0714(1)(k)(3).[5]

---

5. *See In re Amends. to Fla. Rules of Crim. Pro.*, 188 So. 3d 764, 768 (Fla. 2015) (recognizing that the Court cannot limit public access to judicial branch records by rule adopted after the 1992 adoption of article I, section 24 of the

Accordingly, the Florida Rules of Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Joseph W. Rogan, Jacksonville, Florida; Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida; Honorable Josephine Gagliardi, Chair, Rules of Judicial Administration Committee, Fort Myers, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

Responding with comments

---

Florida Constitution, which mandates that all records of the judicial branch are public, except those exempted by court rule in effect on the date of its adoption and those exempted by the Legislature); *In re Amends. to Fla. R. Jud. Admin.—Public Access to Jud. Records*, 608 So. 2d 472, 473 (Fla. 1992) (recognizing that proposed Sunshine Amendment to the Florida Constitution, providing that all records of the judicial branch shall be public except those exempted by court rule in effect on the date of adoption of the amendment or those exempted by the Legislature, will prohibit the Court from later enacting rules that would exempt any other records); *cf.* Fla. R. Jud. Admin. 2.420(b)(4) ("To the extent reasonably practicable, restriction of access to confidential information shall be implemented in a manner that does not restrict access to any portion of the record that is not confidential.").

# APPENDIX

**RULE 2.420.    PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS**

**(a) – (c)    [No Change]**

**(d)    Procedures for Determining Confidentiality of Court Records.**

(1)    The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:

(A)    [No Change]

(B)    except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i) – (vii)    [No Change]

(viii)    Clinical records under the Baker Act, § 394.4615(7), Fla. Stat., and all petitions, court orders, and related records under the Baker Act, including all personal identifying information of a person subject to the Act, § 394.464, Fla. Stat.

(ix) – (xxiii) [No Change]

(2) – (5)    [No Change]

**(e) – (m)    [No Change]**

**Committee Note**

**[No Change]**

**2002 – 2007 Court Commentary**

**[No Change]**


**APPENDIX TO RULE 2.420**

**[No Change]**